UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINE RECORDS, INC.; VIRGIN RECORDS AMERICA, INC.; ARISTA RECORDS, LLC; UMG RECORDINGS, INC.; ELEKTRA ENTERTAINMENT GROUP, INC.; and INTERSCOPE RECORDS,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>KRISTI SUBHANSEN,<br><br>　　　　　　　Defendant. | 2:05-cv-1283-GEB-PAN(JFM)<br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |

　　　　The Minute Order filed on February 9, 2006, continued the status conference in this case to June 5, 2006, and required the parties to file a status report "fourteen days prior to the hearing." No status report was filed as ordered.

　　　　Plaintiffs are Ordered to Show Cause (OSC) no later than 4:00 p.m. on June 9, 2006, why sanctions should not be imposed under Rule 16(f) of the Federal Rules of Civil Procedure against counsel and/or Plaintiffs for the failure to file a timely status report, as ordered.  The written response shall state whether Plaintiffs or

/////

/////

1

counsel are at fault and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on August 14, 2006, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date.  Since the docket sheet indicates the only matter remaining for decision is the default of Defendant, Plaintiffs shall file a further status report no later than July 31, 2006, in which they shall explain only the status of the default issue.  Plaintiffs are cautioned this action could be dismissed if Plaintiffs' status report does not indicate diligent prosecution of this action.

IT IS SO ORDERED.

Dated:  May 26, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2