UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CAROLINE RECORDS, INC.; VIRGIN RECORDS AMERICA, INC.; ARISTA RECORDS LLC; UMG RECORDINGS, INC.; ELEKTRA ENTERTAINMENT GROUP, INC.; and INTERSCOPE RECORDS,<br><br>        Plaintiffs,<br><br>    v.<br><br>KRISTI HANSEN,<br><br>        Defendant. | 2:05-cv-1283-GEB-PAN(JFM)<br><br><u>ORDER CONTINUING STATUS</u><br><u>(PRETRIAL SCHEDULING)</u><br><u>CONFERENCE</u> |

On May 26, 2006, an Order issued requiring Plaintiffs to show cause ("OSC") why sanctions should not be imposed for their failure to file a timely status report, and continuing the status conference to August 14, 2006. The OSC also required Plaintiffs to file a status report fourteen days prior to the status conference.

Plaintiffs filed a response to the OSC on June 9, 2006, in which they state "Plaintiffs requested that the Clerk of the Court enter a default against Defendant . . . [and] Plaintiffs' counsel was under the mistaken impression that the default would obviate the need to file a status report in this action, and would serve as notice to the Court that a pretrial scheduling conference on June 5, 2006 would

1

be unnecessary." Plaintiffs' counsel should know the judge has no obligation to look at the court docket for the purpose of gleaning whether an excuse existed for Plaintiffs' failure to file a timely status report. Plaintiffs are warned that sanctions are not issued this time only because of the weightiness of the Court's docket.[1]

In their status report filed July 31, 2006, Plaintiffs represent that although Defendant has not yet filed an answer, "[t]he parties . . . are in contact . . . and are hopeful that they may be able to reach a settlement." Plaintiffs also "request that the Court vacate the status conference . . . and grant the parties sixty (60) days to finalize a settlement." Plaintiffs' request to vacate the status conference is denied because it is inconsistent with the judge's Rule 16 case management obligations. But the status conference will be continued to November 6, 2006.[2] A joint status report shall be filed no later than fourteen days prior to the conference.

IT IS SO ORDERED.

Dated: August 2, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The OSC process is time-consuming and requires me to assure myself that sanctions are appropriate in a specific amount. It is hoped that counsel comply with future scheduling dates so that sanctions jurisprudence need not be invoked again. Obviously, it is incumbent upon counsel practicing in federal court to follow applicable practice.

[2] The status conference will remain on calendar, because Plaintiffs' mere representation that this action could settle does not justify ignoring the scheduling contemplated under Rule 16. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2